```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


ROBYN MARSHALL,

              Plaintiff,

     vs.                                Civil Action 2:13-cv-966
                                        Judge Graham
                                        Magistrate Judge King

BELMONT COUNTY BOARD OF
COMMISSIONERS, et al.,

              Defendants.
```

## OPINION AND ORDER

This is an employment action in which plaintiff, formerly the director of the Belmont County 9-1-1 Emergency Services Center, alleges that she was discriminated against and eventually terminated on account of her disability in violation of the ADA, 42 U.S.C. § 12101 *et seq.*, and on account of her gender and in retaliation for having engaged in protected activities in violation of Title VII, 42 U.S.C. § 2000e-5.  Plaintiff also asserts parallel state law claims of gender and disability discrimination and retaliation under O.R.C. § 4112.01 *et seq.*, as well as state law claims of intentional infliction of emotional distress, defamation, and tortious interference with a contract.

Defendant Ginny Favede is a Commissioner for defendant Belmont County Board of Commissioners (the "Board").  Plaintiff deposed defendant Favede on March 13, 2014.  This matter is now before the Court on *Plaintiff's Motion to Redepose Defendant Favede* ("*Plaintiff's Motion*"), Doc. No. 35.  Plaintiff seeks to redepose defendant Favede

1

on the issues raised by this defendant in a July 14, 2014 email to plaintiff's counsel:

> My apologies for contacting you directly.  I do hope I am not violating any legal procedure.  I had asked my legal counsel Jeffrey Stankunas to contact you regarding my desire to amend my deposition in the Robyn Marshall case.  He has indicated the discovery period my [sic] by closed and that you may not have interest in my clarification.  I would like to clarify and amend my deposition and am hoping you are amenable to such.
>
> Please feel free to contact me directly if appropriate or through Mr. Stankunas is [sic] necessary.  I do believe my clarification is just.

*Id*. at p. 2, Exhibit A.  Plaintiff's counsel contacted defendant's counsel after receiving the July 14, 2014 email to schedule a second deposition of defendant Favede, but defendant's counsel refused.  Defendant Favede now opposes being redeposed on the basis of relevancy.  *Defendants' Memorandum in Opposition to Plaintiff's Motion to Redepose Defendant Favede* ("*Defendants' Response*"), Doc. No. 37.

Although depositions are ordinarily noticed and taken without the involvement of the Court, Rule 30(a)(2) of the Federal Rules of Civil Procedure sets forth several circumstances under which leave of court is required in order to conduct a deposition.  "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2): if the parties have not stipulated to the deposition and . . . the deponent has already been deposed in the case[.]"  Fed. R. Civ. P. 30(a)(2)(A)(ii).  "This discovery rule, like other discovery rules requiring the parties to apply for leave of court, provides the Court with considerable discretion to make a determination which is fair and equitable under all the relevant

2

circumstances." *Fresenius Med. Care Holdings, Inc. v. Roxane Labs., Inc.*, No. 205-CV-0889, 2007 WL 764302, at *2 (S.D. Ohio Mar. 9, 2007). The exercise of the Court's discretion is guided by the principles set forth in Rule 26(b)(2), "which include whether the second deposition of the witness would be unnecessarily cumulative, whether the party requesting the deposition has had other opportunities to obtain the same information, and whether the burden of a second deposition outweighs its potential benefit." *Id*.

As noted *supra*, defendant Favede was deposed on March 13, 2014, and she contacted plaintiff's counsel on July 14, 2014, to "clarify and amend" some unspecified aspect of her deposition. Her response to *Plaintiff's Motion* identifies the portion of her deposition referred to in her email. Defendant Favede explains that she had wanted to amend her testimony regarding disciplinary action by department heads without consulting the commissioners; since her deposition, defendant Favede has "learned that, unbeknownst to her, department heads have previously issued verbal and written reprimands to their subordinates without her knowledge." However, defendant Favede now argues that this information is irrelevant to issues in this case. *Id*. at p. 2.  This Court disagrees.

As noted *supra*, this is an employment action in which plaintiff alleges that she was discriminated against and eventually terminated on account of her disability and gender and in retaliation for having engaged in protected activities.  The Board allegedly terminated plaintiff's employment because she was "disrespectful, insubordinate,

3

dishonest, and deceptive and had otherwise failed to exhibit good behavior by working without Board authority and against the Board's direction in issuing" a verbal reprimand to a subordinate employee. *Complaint*, Doc. No. 1, ¶¶ 63-64.  Plaintiff also alleges that the stated reasons for her termination are mere pretext for the Board's discrimination.  *Id*. at ¶¶ 67, 77.  Evidence of the discipline of an employee by a department head without the Board's consent is therefore relevant to this action.  The parties characterize this evidence as supporting different conclusions but, despite defendant Favede's arguments to the contrary, both sides seem to acknowledge its relevance.  *See Defendants' Response*, p. 4 ("The fact that other department heads may have also disciplined an employee(s) without Commissioner Favede knowing about it demonstrates that they were just like Ms. Marshall, who on her own admission did the same thing . . . ."); *Plaintiff's Reply*, Doc. No. 38.

The Court also notes that it was actually defendant Favede who requested the second deposition to "clarify and amend" an unspecified portion of her first deposition.  Notably, plaintiff seeks only to redepose defendant Favede on the topics raised in her July 14, 2014 email.  Although defendant Favede now represents that her email referred to her knowledge of disciplinary practices among department heads, she has not offered any evidence in that regard.  There is also no suggestion that a second deposition would be unnecessarily cumulative or unduly burdensome.

Under the circumstances, the Court concludes that its discretion

is better exercised by granting plaintiff leave to redepose defendant Favede, limited to the issues raised in this defendant's July 14, 2014 email to plaintiff's counsel.

*Plaintiff's Motion*, Doc. No. 35, is therefore **GRANTED**.  The parties shall schedule and complete defendant Favede's redeposition within 21 days.

The date by which dispositive motions may be filed is **EXTENDED** to October 17, 2014.


August 26, 2014                              *s/Norah McCann King*
                                          Norah M<sup>c</sup>Cann King
                                      United States Magistrate Judge